**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| MAGDALENA EUBANK,   Plaintiff, | § § § | |
| V. | § § | |
| LOCKHART INDEPENDENT SCHOOL DISTRICT,   Defendant. | § § § § § | A-15-CV-1019-RP-ML |

**ORDER**

Before the court is Defendant Lockhart Independent School District's Motion to Compel and Motion for Sanctions (Dkt. #35) and all related briefing. This motion and related briefing have been referred to the undersigned by United States District Judge, Robert Pitman, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rules 1(c) and 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.    BACKGROUND**

Magdalena Eubank brings this case asserting that Lockhart Independent School District ("LISD") wrongly discriminated against her and terminated her employment in retaliation for her requests for disability accommodation. Specifically, Eubank asserts claims for discrimination and retaliation under the Americans with Disabilities Act ("ADA"), discrimination and retaliation under the Texas Labor Code, federal free speech retaliation, and state free speech retaliation.

Eubank objected to and refused to completely respond to LISD's Interrogatories and Requests for Production ("RFP"). The parties were unable to resolve their discovery disputes, which are now ripe before the court.

## II.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide the scope of discovery.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).  Similarly, the Federal Rules also provide the scope of what may be asked in interrogatories and the form of objections to interrogatories.

> (a)(2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.
> . . . .
> (b)(4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

FED. R. CIV. P. 33(a)(2),(b)(4).  Requests for production must describe with reasonable particularity each item or category requested.  FED. R. CIV. P. 34(b)(1)(A).

> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

FED. R. CIV. P. 34(b)(2)(B),(C).

**III.     ANALYSIS**

The undersigned first notes, as stated at the hearing, that many, if not most, of Eubank's objections appear evasive and obstructionist in manner.  In most instances, Eubank has refused to identify what, if any, documents she is withholding as required by Rule 34(b)(2)(C).  Either in her response to the motion or in response to the discovery requests themselves, Eubank has objected to some requests as seeking hearsay or inadmissible evidence—neither of which are valid *discovery* objections.     *See* FED. R. CIV. P. 26(b)(1); *see* Dkt. #38 at 2, 3 (arguing in objection to Interrogatories 18, 22).    Such baseless objections and arguments undermine Eubank's assertion that she attempted to respond to the discovery and resolve the disputes in good faith.

Eubank also objected to some Requests for Production on the ground that they are duplicative.  *See* Responses to RFPs 28, 33, 34, 35, 37, 38, 39, 40, 41, 43, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, and 56.  However, Eubank does not state which Requests these are duplicative of or that she has no additional documents to produce other than what was produced in response to the non-duplicative Requests.  Although the court must limit the extent of discovery if the court determines that "the discovery sought is unreasonably cumulative or duplicative," *see* FED. R. CIV. P. 26(b)(2)(C)(i), discovery requests often overlap in order to capture all relevant documents or information.  Eubank is not required to produce the same document repeatedly if it is responsive to multiple requests, nor is LISD asking her to do so.  Eubank has not shown that any of these "duplicative" requests are *unreasonably* duplicative.

The undersigned also notes that Eubank's Responses to Requests for Production 33, 34, 35, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, and 56 are identical to one another.    These objections are improper because they fail to satisfy Rule 34(b)(2)(B)'s

Case 1:15-cv-01019-RP   Document 50   Filed 11/08/16   Page 4 of 12

requirement that objections be made with specificity. FED. R. CIV. P. 34(b)(2)(B)("the response must . . . state with specificity the grounds for objecting to the request, including the reasons"). None of these Responses state whether any documents were withheld on the basis of the objections, and the objections are therefore improper. FED. R. CIV. P. 34(b)(2)(C)("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").

As there were numerous overlapping discovery requests, the court will attempt to address them categorically.

### A. Discovery related to Eubank's LISD employment or the Administrative Hearing[1]

LISD seeks discovery that arguably should be contained in Eubank's LISD personnel file or in the Administrative Hearing record, such as all positions and job duties held by Eubank; reprimands, warnings, "write ups" received by Eubank; LISD documents relating to her claims that Eubank may possess, etc. Eubank objects to these discovery requests as burdensome, harassing, seeking information known to LISD, overbroad, duplicative, vague, and as seeking irrelevant and inadmissible information. Eubank did not state which requests she believed these were duplicative of. Eubank refused to answer Interrogatories 15, 18, and 22. In response to Request for Production 20, Eubank produced some files but also stated "Plaintiff maybe [sic] withholding documents." In response to the remaining Requests, it is unclear whether Eubank produced any responsive documents because she did not state she would produce documents but also did not state she was withholding documents.

Eubank argues that she should not have to produce information that is in LISD's possession. LISD has made it clear that it is not seeking the re-production of information that

---

[1] This includes at least Interrogatories 15, 18, and 22 and Requests for Production 20, 34, 48, 51, 52, and 53.

LISD has produced to Eubank.  Eubank appears to assume that because some of these documents originated with LISD, LISD must still possess the documents.  Eubank ignores the possibilities that Eubank may have LISD documents that LISD no longer possesses or that LISD's personnel file may be incomplete.  Eubank's objections that the information sought by the Interrogatories is already known to LISD ignore the possibility that LISD and Eubank may have different understandings of the facts.

For these reasons, the court overrules Eubank's objections and orders that Eubank fully respond to Interrogatories 15, 18, and 22 and Requests for Production 20, 34, 48, 51, 52, and 53.

## B.  Discovery related to Eubank's claim elements[2]

LISD seeks discovery related to elements of Eubank's claims, such as LISD's acts or omissions that harmed her, identification of relevant discriminatory policies and policy makers, identification of similarly situated LISD employees, adverse employment actions taken against Eubank, identification of any protected activity she engaged in, documents that contain a description of events relating to Eubank's allegations, and documents that support her claim that any adverse employment action was due to Eubank's disability, etc.

Eubank makes several objections to these discovery requests.  First, she objects that the Interrogatories seek legal conclusions.  *See* Response to Interrogatories 20, 23, and 24.  This objection is per se improper under the Rules.  FED. R. CIV. P. 33(a)(2)("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.").  Moreover, Eubank did not seek relief to delay her answer until discovery was complete.  FED. R. CIV. P. 33(a)(2)("the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or

---

[2] This includes at least Interrogatories 4, 8, 20, 23, and 24 and Requests for Production 12, 23, 38, 39, 40, 41, 43, 45, 46, 47, 52, 54, and 55.

some other time"). Rather, Eubank unreservedly refused to answer because the answers would include legal conclusions. Her objection is baseless under Rule 33.

Eubank also objects that Interrogatories 4, 8, and 20 require that she "marshal" all of her evidence. LISD's requests do not require Eubank to "marshal all of her evidence." Interrogatory 4 asks her to "describe in detail each act/and or omission you claim was committed by the District" that she contends caused her injuries. It is not overly burdensome to expect a plaintiff to identify the specific acts that caused her harm. Interrogatory 8 asks her to identify similarly-situated individuals outside Eubank's protected class that she claims were treated more favorably than Eubank. This interrogatory does not require the "marshaling of all evidence." It is tailored to one specific issue. Interrogatory 20 asks Eubank to "describe in detail the factual basis for your contention [that you were discriminated or retaliated against] and include all adverse employment action you allege the District took against you." This again does not ask Eubank to marshal all of her evidence, but it does require her to specifically detail the bases for her claims. Contrary to Eubank's apparent position, LISD is entitled to know the factual basis for any claims of discrimination or retaliation that Eubank may make at trial.

Eubank also objects that Request for Production 12 is overbroad in that it asks for "all documents." Notably, many other Requests for Production contain similar "all documents" language but were not objected to on that basis. This Request seeks "all documents not prepared specifically by or for your attorney, containing a description or account of any event or incident relating in any way to your allegations against the District in this lawsuit." While the Request could possibly encompass a large number of documents, Eubank has not made any argument or explained why compliance with this Request will be overly burdensome. Moreover, LISD has made clear it is not seeking any documents that it has produced to Eubank. Documents that

describe the events or incidents at issue, especially any written by Eubank or another witness, are relevant and discoverable. This request is in stark contrast to the cases Eubank cited in her response to the motion. *See* Dkt. #38 at 10-11. This is not a request for "all documents relating to Eubank's claims." It is a request for only those documents that describe the events that allegedly gave rise to Eubank's claims.

For these reasons, the court overrules Eubank's objections and orders that Eubank fully respond to Interrogatories 4, 8, 20, 23, and 24 and Requests for Production 12, 23, 38, 39, 40, 41, 43, 45, 46, 47, 52, 54, and 55.

### C. Discovery related to Eubank's physical and mental health[3]

LISD seeks discovery related to any medical conditions that Eubank contends qualify her for accommodations under the ADA or Texas Labor Code, her medical records for the ten years prior to filing suit, medical records provided to the District, and all documents pertaining to her medical conditions and need for accommodation. Eubank claims these documents and this information are not discoverable because they are protected by doctor-patient privilege. Eubank also contends that her status under the ADA is not at issue, therefore this information is irrelevant.

Eubank argues that Texas law allows her to assert the physician-patient and mental health privileges. While Texas law may recognize such privileges, Eubank has brought a federal ADA claim in federal court, and there is no doctor-patient privilege in federal common law. *See Whalen v. Roe*, 429 U.S. 589, 602, n.28 (1977) ("physician-patient evidentiary privilege is unknown to the common law"); *Gilbreath v. Guadalupe Hosp. Foundation Inc.*, 5 F.3d 785, 791 (5th Cir. 1993) (holding there is no physician-patient privilege under federal law); *see also*

---

[3] This includes at least Interrogatory 17 and Requests for Production 15, 28, 49, and 56.

*Morris v. Sequa Corp.*, 275 F.R.D. 562, 567 (N.D. Ala. 2011) ("Where, as in the instant case, the court's jurisdiction is premised upon a federal question with a pendent state law claim, the federal law of privilege governs the court's determination of whether the requested documents are privileged."). Eubank's medical records are relevant to her ADA claim, and her physical health was put into issue by her ADA claim. *Clewis v. Medco Health Sols., Inc.,* No. 3:12-CV-5208-L, 2013 WL 5354574, at *3 (N.D. Tex. Sept. 25, 2013) ("the undersigned notes that medical records relating to Plaintiff's alleged bipolar condition—the disability that Plaintiff put at issue in her lawsuit—are certainly relevant to this litigation"); *Sarko v. Penn–Del Directory Co.*, 170 F.R.D. 127, 128 (E.D. Pa. 1997) ("Still, to the extent that the records of any of the providers contain information relating to the nature of Plaintiff's alleged disability, her need for medication, or the side effects of the medication, they are clearly relevant under Rule 26(b)(1) to Plaintiff's ADA claim."); *Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996) ("In an action under the ADA, a plaintiff's medical history is relevant in its entirety."); *Whitbeck v. Vital Signs, Inc.*, 163 F.R.D. 398, 399-400 (D.D.C. 1995) (holding that plaintiff had directly put into issue her medical condition and disability status by filing discrimination suit). Accordingly, Eubank's medical records are discoverable.

However, federal common law does recognize a psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1 (1996). Neither Eubank nor LISD address this issue adequately. Eubank relies on state law cases to support her claim of privilege, while LISD relies on a case in which a psychiatric condition gave rise to the ADA claim. *See Clewis v. Medco Health Solutions, Inc.*, 2013 WL 5354574 (N.D. Tex. 2013). In contrast, Eubank claims she is entitled to accommodation for her diabetes, rheumatoid arthritis, and plantar fasciitis, and her mental health appears to be relevant to only her damages claim for "emotional pain, suffering, inconvenience,

8

mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Compl. at ¶¶ 10, 25, 131.  Another court in this district has found similar information discoverable when the plaintiff claimed emotional damages.  *See Schier v. Outback Steakhouse of Florida, Inc.*, 2006 WL 1149152 at *1 (W.D. Tex. April 24, 2006) (Nowak, Mag. J.).  "The party resisting discovery bears the burden to clarify and explain its objections and to provide support for those objections."  *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470-71 (N.D. Tex. 2005)).  Eubank has not shown that this information is not discoverable under federal law in light of her claimed damages.

For these reasons, the court overrules Eubank's objections and orders that Eubank fully respond to Interrogatory 17 and Requests for Production 15, 28, 49, and 56.

### D. Discovery related to damages and mitigation[4]

These discovery requests seek information generally related to Eubank's efforts to seek other employment and her earnings before, during, and after her employment with LISD, including her tax returns.

Interrogatory 16 seeks information regarding the positions Eubank has applied for since her employment with LISD ended.  Eubank did respond to the Interrogatory, but LISD contends her response is incomplete.  As discussed at the hearing, the court orders that Eubank supplement her response with information regarding when she applied for each position and whether she was applying for an open position.  Eubank is further ordered to produce the job posting she was applying to if she has such information.  Eubank is not required to provide the address or

---

[4] This includes at least Interrogatory 16 and Requests for Production 15, 31, and 32.

9

telephone number of the potential employers. However, if Eubank was interviewed for a position, she must disclose the interviewer.

Requests for Production 31 and 32 seek documents reflecting Eubank's income before, during, and after her employment with LISD, including her tax returns. Eubank objected that LISD already has this information from her employment records and that tax returns are not discoverable unless there is no other means of obtaining the information. Although LISD originally sought tax returns for the 10 years prior to Eubank's LISD employment, LISD offered to narrow the time period to 3 years. Eubank did not agree to this.

The court orders Eubank to produce documents reflecting her salary, wages, benefits, and any other compensation for the 5 years before her employment with LISD to the present. Eubank may satisfy these Requests by producing her tax returns or her W-2s, bank statements, documents reflecting unemployment benefits, pay stubs, and/or checks.

Except as stated, the court overrules Eubank's objections and orders that Eubank fully respond to Interrogatory 16 and Requests for Production 15, 31, and 32.

### E. Discovery related to other employment[5]

LISD seeks discovery related to Eubank's employment for the 10 years prior to her employment with LISD and her employment after LISD. Eubank's objections are the same improper boilerplate, non-specific objections discussed above, including the improper objection that the information is inadmissible. *See* FED. R. CIV. P. 26(b)(1); 34(b)(2)(B). Eubank's responses also fail to state whether any responsive materials are being withheld on the bases of those objections. FED. R. CIV. P. 34(b)(2)(C). Eubank's objections are improper and are overruled. The court orders Eubank to fully respond to Requests for Production 33 and 35.

---

[5] This includes at least Requests for Production 33 and 35.

### F. Discovery related to other lawsuits[6]

LISD seeks information related to other civil or criminal litigation that Eubank may have been involved in. Eubank seeks to limit the Request related to civil lawsuits to those involving claims for disability discrimination, free speech, and failure to accommodate. She otherwise objects that the request is "overbroad, burdensome, harassing, and a fishing expedition." *See* Response to RFP 22. Eubank objects to the request related to criminal suits with the same boilerplate objections that have previously been rejected. The court overrules her objections. The court orders Eubank to fully respond to Requests for Production 22 and 37.

### IV. SANCTIONS

LISD seeks its costs and attorneys' fees necessary to secure the discovery responses and pursue the motion to compel. Dkt. #35 at 10. As stated at the hearing, the court intends to award such costs and fees. LISD is ordered to submit its fees and costs, including descriptions of time billed, analysis of lodestar factors, and support for the reasonableness of its fees and costs to the court.

At the hearing, Eubank objected to the award of costs and fees, arguing that she had a good faith basis for her failure to fully respond to the discovery requests. Specifically, she contends that certain of her objections were made in good faith based on case law. When a court grants a discovery motion, it "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, the court must not order payment if "the opposing party's nondisclosure, response, or objection was substantially justified." FED. R. CIV. P. 37(a)(5)(A)(ii). As described above, the great majority of Eubank's objections were patently

---

[6] This includes at least Requests for Production 22 and 37.

improper under the express language of the Federal Rules. To the extent that Eubank relied on case law to support her objections, she largely relied on inapplicable state law. Taken as a whole, Eubank's responses were evasive, obstructionist, and not substantially justified.

### V. CONCLUSION

While the court endeavored to address each individual discovery dispute, the court also recognizes the discovery issues here were numerous. Except as expressly limited above, the court **GRANTS** the motion in its entirety. To the extent the parties require a Protective Order to safeguard the confidentiality of this information, the parties are directed to the District's standard Protective Order available at http://www.txwd.uscourts.gov/Forms/SitePages/Civil.aspx.

Finally, should LISD request such relief, the undersigned recommends that LISD be allowed to supplement its Motion for Summary Judgment with any evidence that was previously withheld by Eubank and produced under this Order.

SIGNED November 8, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE