**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| MAGDALENA EUBANK, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| LOCKHART INDEPENDENT SCHOOL | § | A-15-CV-1019-RP-ML |
| DISTRICT, | § | |
| Defendant. | § | |

**ORDER**

Before the court are Defendant Lockhart ISD's ("LISD") Supplemental Motion for Sanctions (Dkt. #51) and related briefing, referred to the undersigned by United States District Judge, Robert Pitman, for disposition pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

The court previously granted LISD's Motion to Compel and Motion for Sanctions (the "Motion") (Dkt. #35). Dkt. #50. The court stated it intended to award LISD its costs and fees to pursue the Motion because "the great majority of Eubank's objections [to the discovery requests at issue] were patently improper under the express language of the Federal Rules." Dkt. #50 at 11-12. The court ordered LISD to "submit its fees and costs, including descriptions of time billed, analysis of lodestar factors, and support for the reasonableness of its fees and costs," which are now before the court.

LISD originally sought $18,453.00 in attorneys' fees for the work of three attorneys and one paralegal, totaling 109.7 hours. Dkt. #51 at 5. LISD did not support its amount with billing statements and instead relied upon an attorney affidavit. Plaintiff argued that the affidavit was

insufficient to support a fee award.   The court ordered LISD to submit redacted billing statements and ordered that LISD could include the additional time to prepare the submission in the fees it seeks.  Dkt. #76.  The court also informed LISD that it did not intend to award fees related to the Supplemental Motion to Compel and Motion for Sanctions (Dkt. #41) or Plaintiff's Motion to Strike as Untimely Defendant's Supplemental Motion to Compel (Dkt. #46). Accordingly, LISD has reduced its fees by $3,587.00, but has included additional fees for the original motion to compel that were not previously included.  Dkt. #78 at 2.  LISD now seeks fees totaling $25,841.00.  *Id.*

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 37 states that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  FED. R. CIV. P. 37(a)(5)(A).  In the Fifth Circuit, this includes subsequent time spent litigating the fee claim. *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979).

Courts in the Fifth Circuit apply the lodestar method to calculate attorneys' fees.  *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)).  The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate.  *Id.* (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)).  The appropriate hourly rate is defined by the market rate in the community.  *Id*. (citing *Smith & Fuller*, 685 F.3d at 490).  Litigants seeking attorneys' fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment.  *Id*. (citing *Saizan v.*

*Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)).  The lodestar amount is entitled to a strong presumption of reasonableness.  *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  *Id.*  These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 502 n.7 (citing *Johnson*, 488 F.2d at 717–19).  Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate, and should not be double-counted.  *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

### III. ANALYSIS

Plaintiff objects to the amount sought and to the award of attorneys' fees itself.  Dkt. #54.  Plaintiff contends she had a good faith belief that her objections were meritorious and were not made for the purposes of delay, harassment, or other improper purposes.  Plaintiff argues that in a civil rights case such as this, an award over $25,000 would have a chilling effect in civil rights cases and reward LISD's alleged gamesmanship.  Plaintiff further contends that LISD should

only be allowed to recover $8,558 for the motion itself and that the award should be further reduced by 40% because that award is excessive for one discovery motion.[1]

The court previously stated it found "the great majority of Eubank's objections [to the discovery requests at issue] were patently improper under the express language of the Federal Rules." Dkt. #50 at 11-12. The court's previous order also stated the bases for that conclusion. *See e.g., id.* at 3-4, 11-12. The court will not re-address the myriad of deficiencies found in Plaintiff's discovery responses or its conclusion that Plaintiff's objections were not substantially justified.

LISD has shown that its attorneys' hourly rates are reasonable. The appropriate hourly rate is defined by the market rate in the community. *See Black*, 732 F.3d at 502 (citing *Smith & Fuller*, 685 F.3d at 490). LISD compared its attorneys' hourly rates to those found in the 2015 State Bar of Texas Hourly Rate Fact Sheet. In comparison to the rates of other Austin attorneys and attorneys practicing school law or labor and employment, the court finds LISD's submitted rates are reasonable. *Id.*

The court next turns to the hours billed. "[Parties] seeking attorney's fees have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment*." Black*, 732 F.3d at 502. "[U]nder Rule 37, a party and its counsel can only be held responsible for the reasonable expenses [including attorney's fees] caused by their failure to comply with discovery." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). This includes subsequent time spent litigating the fee claim. *Johnson*, 606 F.2d at 638. However, fees incurred for the underlying discovery requests are not recoverable. *Tollett*, 285 F.3d at 368.

---

[1] Notably, Plaintiff does not include the costs of bringing the motion for attorneys' fees in this $8,558 amount. The court also notes this figure appears to inadvertently omit at least the amounts on LISD's Exhibit A-1, p.28, as that page was omitted from Plaintiff's submission. *See* Dkt. #83-1 at 12-13.

4

The court has examined the billing statements submitted by LISD and finds the majority of the time and fees are reasonable and necessary.  However, the court finds $3,150.00 incurred between June 30 and August 30 is not recoverable.  *See* Dkt. 79-2 at 2-16.   From their descriptions, these amounts are more related to review of Plaintiff's responses to the discovery requests and to the general negotiation and compromise process of discovery than to the Motion. Similarly, the court finds $630.00 in fees incurred between September 1-October 27 attributable to the costs of discovery itself rather than the Motion.  Likewise, the court finds $2,078.50 in fees incurred between November 10-November 29 relate to review of Plaintiff's discovery responses after the Motion was granted.   Review of discovery responses and communication with opposing counsel is part of the discovery process, and those fees would have been incurred even if motion practice had not been necessary.  These fees are not recoverable.

The court previously directed LISD to submit its billing statements and allowed LISD to submit up to a 5-page brief with the submission if necessary. Dkt. #76.  At the same time the court granted Plaintiff's request to file sur-reply and allowed Plaintiff to file a 5-page response to the billing statements if necessary.  *Id*.  The court ordered that no further briefing, beyond what was expressly permitted in the order, would be allowed.  *Id*.  As it was, the parties' briefing had already moved from the topic of the amount and reasonableness of the attorneys' fee request and to whether Plaintiff had complied with her discovery obligations in light of the court's order.  As LISD was not seeking an adjustment to the lodestar amount in light of Plaintiff's compliance and LISD was not pursuing another motion to compel, such argument by both sides was immaterial to the issue before the court.  The court's intent to allow LISD an additional 5-page brief was to give LISD an opportunity to provide any necessary explanations to its billing statements.  While LISD spent about one page doing just that, it spent the remainder of its brief arguing about

ongoing discovery disputes. Accordingly, the court finds $1,424.50 in fees related to the preparation of the supplemental brief not recoverable.[2]

The court also discounts the award by $19.00 for an October 27 entry that appears unrelated to this case.

The court's order granting the underlying motion to compel and directing the filing of attorneys' fees was limited to LISD's original Motion (Dkt. #35). However, LISD also originally sought fees related to its Supplemental Motion to Compel and Motion for Sanctions (Dkt. #41) and its response to Plaintiff's Motion to Strike as Untimely Defendant's Supplemental Motion to Compel and Motion for Sanctions (Dkt. #46). Both the Supplemental Motion to Compel and the Motion to Strike were dismissed as moot. Dkt. #69. Accordingly, these motions were not included in the court's award of attorneys' fees and the court does not award attorneys' fees related to these motions. LISD previously stated it incurred $3,509.50 in attorneys' fees related to these motions. Dkt. #51 at Exh. 1 at ¶14. LISD now represents that it has removed this amount from its submission, and thus no further reduction needs to be made as to these fees. Dkt. #79. However, it appears that $543.50 from that motion was inadvertently included in the current submission. Dkt. #79-2 at 34-39. The court will reduce the fee award by this amount.

Accordingly, the court reduces the sought fees of $25,841.00 by $7,845.50 and awards $17,995.50 in attorneys' fees. After considering the *Johnson* factors, this award does not require adjustment. Plaintiff argued that only the fees for the Motion are recoverable and not the fees expended for the fee motion.[3] Under Fifth Circuit law, attorneys' fees attributable to a motion to recover fees are recoverable. *Johnson*, 606 F.2d at 638. Plaintiff's claims that such a fee award

---

[2] The court finds the time that is clearly directed to preparation of the billing statements to be recoverable and does not reduce the fee award for that time.

[3] The court has agreed with Plaintiff that some of the fee entries relate to discovery practice and reduced the award accordingly, as described above.

will have chilling effects on civil rights cases is unpersuasive as this was a case that could not survive summary judgment and the great majority of the discovery objections made by Plaintiff's counsel were patently improper under the express language of the Federal Rules.

### IV. CONCLUSION

For the reasons given above, the court **GRANTS** LISD's Supplemental Motion for Sanctions (Dkt. #51) in part and awards $17,995.50 in attorneys' fees.

SIGNED January 25, 2017

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE