IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAGDALENA EUBANK, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:15-CV-1019-RP |
| LOCKHART INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Lockhart Independent School District's Motion to Alter, Amend, or Modify the Judgment and Motion for Costs. (Dkt. 92).[1] Also pending before the Court are Plaintiff's objections to the Magistrate Court's order awarding discovery sanctions against her attorney. (Dkt. 97). Having reviewed the parties' submissions, the relevant law, and the case record, the Court issues the following order.

## BACKGROUND

Plaintiff Magdalena Eubank was formerly an employee of Defendant Lockhart Independent School District. After the termination of her employment, she brought claims against Defendant for failure to accommodate, discrimination, and retaliation under the Americans with Disabilities Act and Texas Commission on Human Rights Act, as well as a claim of First Amendment retaliation under 42 U.S.C. § 1983. The court rendered summary judgment in favor of Defendant on each claim on January 17, 2017.

---

[1] Defendant filed its motion under Rule 59 in response to language in the Court's final judgment stating that the parties would bear their own costs unless the Court ordered otherwise. The Court vacated its entry of final judgment on February 2, 2017, so the Court will analyze Plaintiff's motion only under Rule 54.

On January 25, 2017, the Magistrate Court issued an order granting a motion for sanctions that Defendant had filed in relation to a discovery dispute. (Dkt. 84). The Magistrate Court had found Plaintiff's objections to Defendant's discovery requests to be baseless and imposed a sanction against Plaintiff's attorney in the amount of $17,995.50.[2] On February 1, 2017, Defendant filed the current motion for costs along with a motion to enforce the sanctions against Plaintiff. (Dkts. 86, 87). Plaintiff objected to the sanctions order on February 8, 2017.

**DISCUSSION**

**1.    Costs**

Defendant, the prevailing party in this case, seeks an award of costs in the amount of $8,316.58. Plaintiff opposes this award, at least in part, on the ground that Defendant includes costs that are unrecoverable under Rule 54 and 28 U.S.C. § 1920. Defendant clarifies in its reply that it is entitled to costs broader than those allowed under § 1920 pursuant to the ADA's fee-shifting statute, 42 U.S.C. § 12205.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The rule "contains a strong presumption that the prevailing party will be awarded costs," and the court may not deny or reduce a request for costs without a good reason for doing so. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1981)). The expenses that a court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Additionally, 42 U.S.C. § 12205, the ADA's fee-shifting statute, "allows a court to award the defending party of an ADA action 'reasonable attorney's fees, including litigation expenses and costs,' if the court finds the plaintiff's claim was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"

---

[2] To the extent there had been any ambiguity over whether the order was directed at Plaintiff or her attorney, (*see* Mot. Enforce Disc. Sanctions, Dkt. 87), this order clarifies.

*Dutton v. Univ. Healthcare Sys., L.L.C.*, 136 F. App'x 596, 604 (5th Cir. 2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

Defendant does not argue, and the Court has not previously found, that Plaintiff's ADA claims were frivolous. Accordingly, an award of costs under § 12205 is unwarranted. *See id.* The Court will consider whether the expenses Defendant claims fall within the scope of allowable costs under Rule 54 and § 1920.

Plaintiff asserts that several of Defendant's expenses are not recoverable. First, she argues that Defendant's expenses related to lodging, mileage, certified mail, parking, telephone calls, tolls, and meals—amounting to $665.04—are unrecoverable and should be disallowed. "It is well settled that attorney travel expenses are not recoverable under § 1920." *Jensen v. Lawler*, 338 F. Supp. 2d 739, 746 (S.D. Tex. 2004) (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). Likewise, expenses for certified mail and telephone calls are not listed as recoverable under § 1920 and Defendant furnishes no basis—other than § 12205—for their recovery. *See Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007) ("Although the prevailing party is entitled to its costs, [it] must still demonstrate that its costs are recoverable under Fifth Circuit precedent . . . ."). The Court will therefore deduct the amount of $665.04 from the award of costs.

Plaintiff next argues that Plaintiff's expenses of $2,130.74 for private process servers is unrecoverable. Section 1920 allows for the recovery of service of process by the U.S. Marshals, *see* 28 U.S.C. § 1920(1), but "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 432 (5th Cir. 2010) (citing *Cypress-Fairbanks Ind. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)).

Defendant asserts that exceptional circumstances are present in this case because its use of private process servers was necessitated by Plaintiff's failure to provide adequate discovery

3

responses until late in the litigation. Defendant served discovery on Plaintiff requesting information about her medical providers on April 29, 2016, but Plaintiff provided incomplete responses. Defendant sent six letters to Plaintiff between July 7 and October 27, 2016, concerning her incomplete responses. Defendant filed a motion to compel on September 6, 2016, and supplemented that motion on October 28, 2016. After the Magistrate Court granted Defendant's motion on November 8, 2016, Defendant claims that Plaintiff supplemented her disclosures but still failed to provide critical information. Because of this, Defendant states that it had to undertake extensive independent research to find the contact information for Plaintiff's medical providers. Having done so by December 9, 2016, Defendant asserts that it needed to act expeditiously to secure Plaintiff's medical records by the trial date of February 21, 2017, and required private process servers in order to do so.

The Court does not agree that these facts constitute exceptional circumstances. Though Defendant was likely aware that Plaintiff offered incomplete responses by June 2016, it did not seek any relief from the Court until less than three weeks before the close of discovery on September 23, 2016. (Scheduling Order, Dkt. 18). While the Court appreciates Defendant's attempts to resolve the dispute without the involvement of the Court, it nonetheless finds that Defendant's choice to delay action until up to six fruitless letters had been exchanged contributed to its late access to the requested information. Additionally, it is suggested in Defendant's motion that defense counsel's other engagements made it impractical to use any alternative to private process servers between December 9, 2016, and February 21, 2017. The Court does not find defense counsel's unrelated workload to be an appropriate basis for taxing these otherwise unrecoverable costs against Plaintiff. The Court will therefore deduct an additional $2,130.74 from the award of costs.

Finally, Plaintiff argues that Defendant should not receive the full amount of its requested court reporting fees. Plaintiff does not contend that these expenses are unrecoverable under § 1920;

4

rather, she suggests that the expenses are unreasonable because she offered to provide Defendant with free copies of the deposition transcripts if Defendant had not already purchased them. (Walsh Email, Dkt. 91-1 ("I'm still willing to provide copies of any deposition transcripts I have in this case, if you guys haven't already purchased them.")). As Defendant points out, however, it had already purchased the transcripts by the time the offer was made. Accordingly, the Court will allow Defendant to recover the full amount of court reporting expenses.

After making the deductions for the reasons provided above, the Court finds that Defendant is entitled to costs in the amount of $5,520.80.

**2. Sanctions**

Plaintiff filed objections to the Magistrate Court's order imposing sanctions against her attorney following the discovery dispute referenced above. (Dkt. 98). Because the matter is non-dispositive, Plaintiff bears the burden of showing that the Magistrate Court's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). It is not sufficient to simply show "an alternative approach with which the district judge might agree if deciding the matter in the first instance." *Nunn v. State Farm Mut. Auto Ins. Co.*, No. 3:08-CV-1486-D, 2010 WL 2044477 (N.D. Tex. May 24, 2010) ("[D]istrict judges do not sit as second-tier decisionmakers concerning discovery matters referred to the magistrate judge.").

Having reviewed Plaintiff's objections, the Court finds that Plaintiff has not carried her burden of demonstrating clear error and concurs with the Magistrate Judge's resolution of the questions of law presented in the relevant orders for largely the reasons provided therein. (*See* Dkt. 84). The Court therefore overrules Plaintiff's objections.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Costs, (Dkt. 86), and **OVERRULES** Plaintiff's objections to the Magistrate Judge's order granting sanctions. (Dkt. 98).

5

Because this order clarifies the parties' responsibilities with respect to the issue of sanctions, the Court finds it unnecessary to consider Defendant's Motion to Enforce Discovery Sanctions and will therefore **DISMISS** the motion as moot. (Dkt. 87).

**SIGNED** on July 12, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE